UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARMEN MARIA FRANCO,

    Petitioner,

v.    Case No. 8:26-cv-232-TPB-SPF

CHRIS NOCCO,
Sheriff of Pasco County,

    Respondent.
_____

## ORDER

Carmen Maria Franco initiated this action by filing a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) and an "Emergency Motion to Stay Enforcement of Capias" (Doc. 2). Franco challenges the constitutionality of a capias warrant issued on misdemeanor charges of resisting an officer without violence, driving with a suspended license, and related offenses in Pasco County in *State v. Franco*, No. 2024-MM-004093-MMAXWS (Fla. 6th Jud. Cir.). However, she neglects to articulate any basis for challenging the validity of the capias warrant.

In her petition, Franco complains that she is being denied access to the courts and due process because the state court refuses to adjudicate her motions while the capias warrant is outstanding. (Doc. 1 at 2–3 and 6) She cites a state court order, which was issued August 8, 2025, that denies her

motion to withdraw the public defender as counsel, reasoning "[t]his [state] Court will not address [Franco's] request while there is an outstanding capias for [her].") (*Id.* at 6)  In her emergency motion, Franco explains that she "does not seek dismissal of any state case or adjudication of the merits" of the pending state charges. (Doc. 2 at 2)  Rather, she seeks "only a temporary stay of enforcement of the capias pending this Court's review of the habeas petition." (*Id.*)

Under § 2241(c), a district court may grant a writ of habeas corpus when a person is in custody in violation of the Constitution or laws or treaties of the United States.  For jurisdiction to attach, a habeas corpus petitioner must be "in custody" at the time the petition is filed.  *See Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *Diaz v. Fla. Fourth Jud. Cir.*, 683 F.3d 1261, 1263 (11th Cir. 2012) (explaining that the "in custody" requirement is jurisdictional).  Franco is not in custody.  She initiated this action by mailing the petition and motion from Elfers, Florida, and she provides a post office box return mailing address.

Although she is not in custody, Franco argues that the "ongoing threat of arrest constitutes a *present and continuing restraint on liberty* sufficient to satisfy the 'in custody' requirement under 28 U.S.C. § 2241."  (Doc. 1 at 2) (emphasis in original)  The "in custody" requirement "is satisfied if restrictions have been placed on a petitioner's freedom of action or movement." *Clements v. Florida*, 59 F.4th 1204, 1214 (11th Cir. 2023) (quotation omitted).  However,

the state court's order denying her motion to withdraw counsel, which was issued approximately six months ago, does not place any limitations or restrictions on her actions or movement. She may "come and go as [she] pleases, and [her] freedom of movement does not rest in the hands of state officials." *Clements*, 59 F.4th at 1215; *see also Manimtim v. Okaloosa County Circuit Court*, No. 3:25-cv-209-LAC-ZCB, 2025 WL 1186313, at *3 (N.D. Fla. Mar. 17, 2025) (dismissing a § 2241 petition because a state court contempt order did not place any limitations or restrictions on the petitioner's actions or movement) (listing cases). Nor does the state court order limit her access to the courts, which is evidenced by Franco's repeated filings in both the state and federal courts. *See Franco v. Wansboro*, 8:25-cv-1418-SDM-AEP, Doc. 32 (M.D. of Fla.) (dismissing Franco's 42 U.S.C. § 1983 claim for failure to state a claim).

Accordingly, because Carmen is not in custody, the § 2241 petition for a writ of habeas corpus (Doc. 1) must be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. The emergency motion must be **DENIED AS MOOT**. The **CLERK** is directed to **TERMINATE** any pending motion and to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 29th day of January, 2026.

*[signature]*

**TOM BARBER**
**U.S. DISTRICT JUDGE**